877 So.2d 45 (2004)
John E. THOMAS, Appellant,
v.
PEOPLEASE CORP., and Florida Unemployment Appeals Commission, Appellees.
No. 3D04-606.
District Court of Appeal of Florida, Third District.
June 9, 2004.
*46 Marcia Cypen and Jose Fons, Miami, for appellant.
John D. Maher (Tallahassee), for appellee, Unemployment Appeals Commission.
Before, COPE, FLETCHER and RAMIREZ, JJ.
PER CURIAM.
John E. Thomas appeals an order denying unemployment compensation benefits. We reverse.
The Appeals Referee's findings included the following:
The claimant [John E. Thomas] started working for the employer [Peoplease Corporation], a trucking transportation company, on June 6, 2002, as a truck driver....
In May of 2003, the claimant received a ticket in the State of Georgia. The claimant was scheduled to go to court sometime on or about July of 2003 regarding the ticket. The claimant advised the dispatcher of his court date. The claimant wanted the dispatcher to give him a route that would take him through Georgia during the time he was scheduled to be at court. The dispatcher did not do so, and the claimant missed his court date. The claimant was able to reschedule the court date for August of 2003. In August of 2003, the claimant once again advised the dispatcher that he had to go to court, and tried to have his schedule take him there. The claimant was initially scheduled to be in Georgia at the time that he would be at his court appointment. At the last minute the dispatcher changed his route, and the claimant had to go to Jacksonville, Florida. When the claimant returned, he waited at the facility to speak with the owner. After waiting four days, the claimant took his things and left.
The Referee concluded that Thomas had voluntarily left his employment without good cause attributable to the employer, and held that he was not entitled to unemployment benefits.
We conclude that the Referee misapprehended the legal standard.
Whether an employee's resignation is both voluntary and without good cause attributable to the employer must be examined from the standard of the "average, able-bodied, qualified worker." In other words, courts focus on whether the average, able-minded, qualified worker would have given up her employment under the same circumstances endured by the departing employee. Courts have defined good cause as "a reason which would be deemed by reasonable men and women valid and not indicative of an unwillingness to work."
Grossman v. Jewish Community Center of Greater Fort Lauderdale, Inc., 704 So.2d 714, 716 (Fla. 4th DCA 1998) (citations omitted).
In the present case, Mr. Thomas was a truck driver for the truck driving firm. While working, he had received a *47 traffic ticket which he wished to contest. If convicted of the infraction, this would affect the claimant's driving record, a matter of legitimate concern to someone who earns a living as a driver.
According to the facts found by the Referee, the company twice frustrated the claimant's request to be given a route which would allow him to appear in court. After the second such refusal, the claimant waited four days to meet with the owner about this, but the owner would not see him.
As a matter of public policy, employers have an obligation of reasonable cooperation where an employee's appearance in the court system is required. While the two failures to accommodate the claimant may or may not have been enough standing alone, there clearly was good cause for resignation once the owner refused for four days to meet with the claimant to try to resolve the situation.
We conclude that the claimant's resignation was with good cause attributable to the employer.
For the stated reasons, we reverse the order now before us and remand with directions to grant the unemployment benefits.